UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA KAY BUNYARD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01626<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

This matter is before the Court on the Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

The Court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

Plaintiff challenges the Administrative Law Judge's ("ALJ") treatment of a Physical Medical Source Statement, which included limitations more restrictive than those found by the ALJ. (Exhibit 8F). Specifically, Plaintiff challenges the following finding of the ALJ:

> Regarding opinion evidence, R.M. Chalamm, M.D., completed a Physical Medical Source Statement dated July 28, 2015. He notes the claimant has chronic back pain, levoscoliosis and sciatica. He reports she could walk one block, sit for 30 minutes, and stand for 20 at a time. She could sit, stand, and walk cumulatively for less than 2 hours in an 8-hour day. She would need a job that permitted

1

shifting positions, and would need to take unscheduled breaks. He notes the claimant could occasionally lift less than 10 pounds and rarely lift 10 pounds. She can never twist or climb ladders, and can occasionally stoop, crouch, squat and climb stairs. She would be off task 10% of the day due to her symptoms. Dr. Chalamm speculated the claimant would miss 4 days or more per month due to her conditions (Exhibit 8F). This checklist-style form appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions. The undersigned finds this evidence has no probative value because it is not supported by any objective evidence. For example, examination in May 2016 revealed her gait and station was normal, her sensation was grossly intact, as were her reflexes. (Exhibit 10F).

(A.R. 20)

As discussed on the record, there is no indication that the doctor who signed the Medical Source Statement had ever examined or treated the Plaintiff. Rather the medical records indicate that co-signer, Nurse Practitioner Tenzin Ngadon, was the person who previously examined and treated Plaintiff and prepared this Medical Source Statement. As a non-acceptable medical source, the Court looked to whether the ALJ's reasons were germane. Molina v. Astrue 674 F.3d 1104, 1111 (9th Cir. 2012) ("In order to reject the testimony of a medically acceptable treating source, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record. However, only licensed physicians and certain other qualified specialists ([in footnote]: These are limited to licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a)) are considered "[a]cceptable medical sources." 20 C.F.R. § 404.1513(a). Physician's assistants are defined as "other sources," § 404.1513(d), and are not entitled to the same deference, *see* § 404.1527; SSR 06–03p. The ALJ may discount testimony from these "other sources" if the ALJ" 'gives reasons germane to each witness for doing so.'") (quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)) (internal citations omitted).

During the hearing, Plaintiff's counsel conceded that the signing doctor did not have a treating or examining relationship with the Plaintiff, but argued that the ALJ nevertheless erred because the ALJ's reasons were not "germane."

For the reasons discussed on the record,[1] the Court finds that the ALJ's reasons were

---

[1] During the hearing, the Court mistakenly said that the audio file was available without any cost to both parties. In

2

sufficiently germane.

Thus, for the reasons announced by the Court on the record at the conclusion of the parties' oral argument on February 13, 2019, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 19, 2019**       /s/ Erin P. Gross
                                   UNITED STATES MAGISTRATE JUDGE

---

fact, the audio file is available at no cost to the Commissioner, as a federal agency. However, there is a minimal cost to the Plaintiff, as a private entity. Further instructions to obtain the audio file or transcript are available on the Court's internet site.